UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

420 JULIA STREET, L.L.C.,

    Plaintiff,

v.                                                                 CASE NO. 3:10-CV-00790-J-99TJC-JBT

MEECORP CAPITAL MARKETS, LLC,

    Defendant/Third Party Plaintiff,

v.

OASIS VENTURE GROUP, LLC and
LAMONTE CARTER, individually,

    Third Party Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant Meecorp Capital Markets, LLC's Motion for Default against Third-Party Defendant Oasis Venture Group, LLC (Doc. 18). For the reasons stated herein, the Court does not find it necessary to await a response to the Motion for Default from the Third Party Defendants.  The Response (Doc. 13) to the Third Party Complaint as to Oasis Venture Group, LLC ("Oasis") is due to be stricken on the grounds stated in the Motion for Default.  Moreover, the Response (Doc. 13) as to both Third Party Defendants is also due to be stricken on the grounds stated herein.  Thus, Defendant Meecorp Capital Markets, LLC's Motion to Dismiss Third-Party Defendants' Counterclaim (Doc. 19) is moot.

The Motion for Default requests an order striking the Response (Doc. 13) filed by Oasis to the Third Party Complaint (Doc. 10), and entering a default against Oasis based on Oasis' failure to appear through counsel.  (Doc. 18.)

"A corporation may appear and be heard only through counsel admitted to practice

1

in the Court . . . ." M.D. Fla. R. 2.03(e); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."). This same rule applies to limited liability companies. *See Energy Lighting Mgmt., LLC v. Kinder*, 363 F. Supp. 2d 1331, 1332 (M.D. Fla. 2005); *FTC v. RCA Credit Servs., LLC*, 2010 WL 2927688, at *1 n.4 (M.D. Fla. July 21, 2010).

In the present case, Oasis, a limited liability company, has not appeared through counsel. Under the circumstances of this case, however, the Court finds it appropriate to allow Oasis an additional period of time to respond to the Third Party Complaint through counsel.

Further, the Response (Doc. 13) filed by Oasis and Lamonte Carter to the Third Party Complaint is due to be stricken because it fails to comply with the requirements of Rule 8(b) of the Federal Rules of Civil Procedure. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam) ("[A]lthough we are to give liberal construction to the pleadings of *pro se* litigants, 'we nevertheless have required them to conform to procedural rules.'"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Rule 8(b) provides that a party responding to a pleading must "state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Moreover, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

"A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial." Fed. R. Civ. P. 8(b)(3). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id.*

Upon review, the Court determines that the Response to the Third Party Complaint does not comply with these requirements. Paragraphs 22 through 26 of the Response do not admit or deny the allegations in the Third Party Complaint. Moreover, it is unclear whether they are attempting to state a counterclaim. A counterclaim must comply with Rules 13 and 8(a) of the Federal Rules of Civil Procedure. Therefore, the Court will strike the Response and direct Oasis, through counsel, and Lamonte Carter to file an answer to the Third Party Complaint, including a counterclaim if applicable, that complies with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, it is **ORDERED**:

1. Oasis Venture Group, LLC's and Lamonte Carter's Third Party Response to Meecorp Capital Markets, LLC's Complaint (**Doc. 13**) is **STRICKEN**.

2. **On or before December 7, 2010**, Third Party Defendants, Oasis Venture Group, LLC and Lamonte Carter, are **DIRECTED** to file an answer to the Third Party Complaint in compliance with this Order. Oasis Venture Group, LLC shall file its answer **through counsel**.

3. Defendant Meecorp Capital Markets, LLC's Motion for Default against Third-Party Defendant Oasis Venture Group, LLC (**Doc. 18**) is **TAKEN UNDER ADVISEMENT** pending Oasis' compliance with this Order.

3

4.     Defendant Meecorp Capital Markets, LLC's Motion to Dismiss Third-Party Defendants' Counterclaim (**Doc. 19**) is **MOOT**.  Defendant Meecorp Capital Markets, LLC may refile its motion, if appropriate, after the answer to the Third Party Complaint is filed.

**DONE AND ORDERED** at Jacksonville, Florida, on November 18, 2010.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:   Counsel of Record
             Any Unrepresented Party